IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
NOV 1 3 2003
Michael N. Milby, Clerk of Court

| | |
|---|---|
| RUSSEL GIBAUT, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | CIVIL ACTION NO. 03-2514 |
| § | |
| DUKE ENERGY CORPORATION, et al. § | |
| § | |
| Defendants. § | |

# ORDER

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint **(Instrument No. 9)**.

**Dismissal and Conversion Standard under Rule 12(b)(6)**

Rule 12(b)(6) allows for dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Such dismissals, however, are rare, *Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986), and only granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).

In determining whether a dismissal is warranted pursuant to Rule 12(b)(6), the Court accepts as true all allegations contained in the plaintiff's complaint. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983); *Gargiul v. Tompkins*, 704 F.2d 661, 663 (2nd Cir. 1983), *vacated on other grounds*, 465 U.S. 1016 (1984). In addition, all reasonable inferences are to be drawn in favor of the plaintiff's claims. *Id.* "To qualify for dismissal under Rule 12(b)(6), a complaint must on its face show a bar to

14

relief." *Clark*, 794 F.2d at 970.

A motion to dismiss may be converted by the court into a motion for summary judgment if matters beyond the pleading are presented to and accepted by the court. Rule 12(b) provides in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Any party may bring the conversion provision into operation by submitting extraneous matters. *Hadges v. Yonkers Racing Corp.*, 733 F.Supp. 686, (S.D.N.Y.), *aff'd*, 918 F.2d 1079 (2d Cir. 1990), *cert. denied*, 499 U.S. 960 (1991). The Fifth Circuit Court of Appeals has traditionally allowed motions to dismiss to be converted into motions for summary judgment where matters outside the pleadings are presented for the court's consideration. *General Guaranty Ins. Co. v. Parkerson*, 369 F.2d 821 (5th Cir. 1966).

A court has complete discretion in determining whether or not to accept material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion. *Isquith on behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193 n.3, (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1366 (1969)). This discretion is exercised when the conversion is likely to facilitate the disposition of the action. *Id*. If the extra-pleading material is comprehensive and will enable a rational determination of a summary judgment motion, the court is likely to accept it; when it is scanty, incomplete, or inconclusive, the court probably will reject it. *Id*. Once a court has decided to accept matters outside the pleadings, it

must convert the motion to dismiss into one for summary judgment. *Kaminsky v. Rosenblum*, 737 F.Supp 1309 (S.D.N.Y. 1990); *See also Carter v. Stanton*, 405 U.S. 669 (1972), *on remand*, 350 F.Supp. 1337 (S.D. Ind. 1972), *vacated on other grounds*, 416 U.S. 918 (1974).

In this case the Defendant has attached voluminous exhibits to its motion to dismiss. Federal Rule of Civil Procedure 12(b) authorizes the court to treat a motion to dismiss an action for failure to state a claim upon which relief can be granted as a motion for summary judgment under Rule 56 if matters outside the pleadings are presented. In order to assure fair procedure, however, this Court does not treat a 12(b)(6) motion to dismiss as a motion for summary judgment unless the non-moving party has received reasonable notice that a response of the type required by Rule 56 must be filed.

In the rare instances in which this Court treats a Rule 12(b)(6) motion to dismiss as one for summary judgment, it does so only to proceed promptly to an inevitable disposition and avoid needless further filings by counsel. The Court intends never to allow a party to gain any advantage by filing a Rule 12(b)(6) motion that refers to matters outside the pleadings (whether by attaching affidavits or through some other way) in the hope that it will be treated as a motion for summary judgment. In this case, the Court believes that the filing of a motion for summary judgment is premature and that it would be inappropriate for the Court to consider it at this time as this case was filed only three months ago and the parties have not yet had an opportunity to conduct discovery which might reveal the existence of a disputed fact.

For these reasons and as a practical matter, the Court may simply deny a Rule 12(b)(6) motion to dismiss which relies on facts asserted outside the pleadings. By referring to matters outside the pleadings, the moving party impliedly represents that the Court should consider such material. Accepting that representation as correct, the Court will deny the motion unless summary judgment

3

is appropriate. Summary judgment is not appropriate before the opposing party has had a reasonable opportunity to file a response that demonstrates a dispute of material fact.

The Court is concerned here that Defendant has filed a motion for summary judgment, (or Rule 12(b)(6) motions to dismiss which depend on factual assertions not contained in the pleadings) before they can effectively demonstrate that the essential facts are undisputed.

**ACCORDINGLY**, the Defendant's Motion is **DENIED without prejudice**.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the 12th day of November, 2003, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**